UNITED STATES *v.* SMITH.

The act of Congress approved June 7, 1872 (17 Stat. 262), does not apply to the shipping of seamen upon vessels engaged only in and for voyages coastwise between Atlantic ports of the United States.

CERTIFICATE of division in opinion between the judges of the Circuit Court of the United States for the District of Massachusetts.

This is an information under the act of June 7, 1872, 17 Stat. 262, against the defendant Smith, for that he, not being a shipping commissioner, did ship and engage one John Riley as a seaman, to go on board a certain American vessel called the "Proteus," and make a voyage from Boston, in Massachusetts, to Philadelphia, in Pennsylvania, said Smith not then and there being the owner, consignee, or master of said vessel.

The defendant demurred; and the judges were opposed in opinion on the following question: Whether said act applies to the shipping of seamen upon vessels engaged only in and for voyages coastwise between Atlantic ports of the United States, as was the vessel described in the information.

*The Solicitor-General* for the United States.

No opposing counsel.

MR. JUSTICE CLIFFORD delivered the opinion of the court.

Shipping commissioners are vested with certain powers and are charged with the performance of certain duties in engaging seamen for the merchant service; and the act of Congress providing for their appointment forbids other persons, in certain cases, from performing the duties with which such commissioners are charged by the provisions of that act.

Penalties are enacted for the violation of such prohibitions; and the information in this case charges that the defendant, on the 5th of September, 1872, not being a shipping commissioner, at Boston, in the district of Massachusetts, did then and there ship and engage one John Riley as a seaman, to go on board a certain vessel, and make a voyage from Boston to Philadelphia, the defendant not being then and there the owner, consignee, or master of the vessel, contrary to the statute in such case made and provided.

Service was made; and the defendant appeared and demurred to the information, and assigned for cause that the libel does not set forth any acts to impeach him touching or concerning the matters whereof he is accused. Joinder in due form was filed by the district attorney, and the parties were duly heard.

By the record it appears that the question, whether the act providing for the appointment of shipping commissioners applies to the shipping of seamen upon vessels engaged only in and for voyages coastwise between the Atlantic ports, was raised and argued by counsel, and that the judges being opposed in opinion, the question in difference, together with the pleadings in the case, was certified to this court pursuant to the act of Congress.

Discussion of the question whether a vessel engaged in a coastwise voyage from one Atlantic port to another on our coast falls within the operation of the body of sect. 12 of the act providing for the appointment of shipping commissioners is wholly unnecessary, as the court has just affirmed the negative of that proposition, and now refers to the reasons given in the prior case in support of the decree in that case. Such voyages are not mentioned in the body of the twelfth section; and they are expressly excluded from the operation of that part of the section by the second proviso annexed to the same, which provides in effect that the same shall not apply to coastwise voyages nor to voyages of lake-going vessels that touch at foreign ports. 17 Stat. 262.

Seamen, however, for such a voyage must be regularly shipped; and the master, before he proceeds on the voyage, must make with each seaman whom he carries to sea as one of the crew

an agreement in writing or in print, in the manner and form required by that act. Voyages of the kind not being within the operation of the body of sect. 12, the agreement is not required to be signed in the presence of such a commissioner. Instead of that, the owner or consignee or the master of the ship, so far as the ship is concerned, may himself in such a case perform the duties of such a commissioner; but third persons possess no such authority in any case.

Suppose that is so, still it is not charged in the information, nor does it appear in any other way, that the defendant attempted to perform any such duty. It is said that he engaged the seamen; but it is not alleged that he attempted to perform any act which a commissioner is required to perform in cases falling within the operation of the body of sect. 12 of the act prescribing the duties of such a commissioner, nor that he attempted to perform any duty which the proviso to the eighth section allows to be performed in such a case by the owner or consignee or by the master of the ship, where the voyage is one excepted out of the operation of the body of sect. 12 in the same act. All that is charged against the defendant is that he engaged the seamen, which is an act that any one may lawfully perform, provided the seaman is subsequently lawfully shipped in the manner and form required in the act providing for the appointment of shipping commissioners. Nothing being alleged to the contrary, it must be presumed that the required agreement was duly executed if the seamen went to sea at all, which is not alleged in the libel of information.

Tested by these considerations, it is clear that no legal offence is properly charged against the defendant, from which it follows that it must be certified to the court below that the act in question does not apply to coastwise voyages from one port to another on our Atlantic coast.