### BOURNE *v.* ROSS.

*(Circuit Court, D. Massachusetts. August 25, 1883.)*

SEAMEN'S WAGES—SUIT IN ADMIRALTY—ATTACHMENT FROM STATE COURT.

The right of a seaman to sue in admiralty *in personam* for his wages is not taken away or suspended by an attachment of his wages by trustee process from a state court in an action at law.

*Ross* v. *Bourne*, 14 FED. REP. 858, affirmed.

In Admiralty.

*E. L. Barney*, for Bourne.

*C. T. Bonney*, for Ross.

LOWELL, J. To the reasons given by NELSON, J., in *Ross* v. *Bourne*, 14 FED. REP. 858, for entering a decree for the libelant, I assent. I have given my view of the law relating to attachments in a foreign jurisdiction in a late case in the district of New Hampshire. *Lynch* v. *Hartford Ins. Co., ante,* 627. As a general rule such attachments should be respected out of comity; but the attachment of seamen's wages is so unusual that it has been held to be impossible by Judge BENEDICT, in *The City of New Bedford,* 4 FED. REP. 818; and though Mr. Justice GRAY has doubted the reasoning and conclusions of that case, in a very learned opinion from which I do not dissent, (see *Eddy* v. *O'Hara,* 132 Mass. 56,) still, I am of opinion that comity does not require us to hang up a summary action in the admiralty in favor of a seaman, to await the dilatory proceedings in a court of common law. In ordinary cases I should be inclined to go further than most of the courts have gone in the direction of comity. I have always regretted the narrow rulings in favor of domestic attachments as against foreign bankruptcies and assignments, especially when neighboring states are treated as foreign; but the present case is one in which the admiralty court is bound to give that prompt and speedy justice which is one of the principal reasons for its existence.

Decree affirmed.