## JAMES L. HOLT, TAX ASSESSOR, PLAINTIFF, *v.* A. TULLETT, DEFENDANT; I. I. S. N. CO., LTD., GARNISHEE.

APPEAL FROM DISTRICT MAGISTRATE, HONOLULU.

SUBMITTED MARCH 8, 1906.          DECIDED MARCH 19, 1906.

FREAR, C.J., HARTWELL AND WILDER, JJ.

GARNISHMENT—*seamen's wages cannot be made subject to.*

A seaman's wages cannot be attached or made subject to garnishee process. U. S. R. S., Section 4536.

OPINION OF THE COURT BY WILDER, J.

(Frear, C.J., dissenting.)

Plaintiff secured judgment against defendant in the district court of Honolulu for the sum of $120.38. Execution on this judgment was returned wholly unsatisfied. Then under Section 2118 of the Revised Laws the garnishee was cited in and ordered to pay plaintiff the sum of $65 found to be due defendant as wages from the garnishee. From this decision of the district court the garnishee appealed to this court on the point of law that it was and is void because defendant was a seaman within the meaning of Section 4536 of the U. S. Revised Statutes and his wages were not subject to garnishment or arrestment from any court.

Section 4536 of the U. S. Revised Statutes is as follows: "No wages due or accruing to any seaman or apprentice shall be subject to attachment or arrestment from any court; and every payment of wages to a seaman or apprentice shall be valid in law, notwithstanding any previous sale or assignment of wages, or of any attachment, incumbrance, or arrestment thereon; and no assignment or sale of wages, or of sal

vage, made prior to the accruing thereof, shall bind the party making the same, except such advance securities as are authorized by this Title."

It is claimed by the garnishee and admitted by the plaintiff that defendant is a seaman within the meaning of that section. There being no issue raised as to whether defendant is a seaman within the meaning of that section, and that statute under the Organic Act having the same force and effect in this Territory as elsewhere in the United States, the only question to be decided is whether wages due a seaman may be attached or subjected to garnishee process after a judgment against him.

Plaintiff admits that such wages cannot be attached or subjected to garnishment before judgment, but contends that after judgment the statute does not prevent attachment or garnishment. We fail to see the distinction. There is no question but that this statute was enacted for the protection of seamen: the effect of it is to nail the wages of a seaman to the mast of his ship. And, if a seaman's wages for his own benefit are protected from attachment, what difference does it make to him whether they are attached before or after judgment. In our opinion there is no such distinction as is contended for.

It is desirable for seamen and in the interests of the public that nothing shall obstruct the right of seamen to get their wages. This right the statute protects. See *McCarty v. City of New Bedford,* 4 Fed. 818. The seamen themselves cannot lawfully assign or anticipate their wages. See *The George W. Wells,* 118 Fed. 761.

A judgment against a seaman gives the judgment creditor a right to levy execution on all property of the seaman liable to execution, but under the federal statute the right of a seaman to be paid his wages cannot be attached or arrested by execution or garnishee process. See *McCarty v. City of New Bedford,* supra; *The St. Louis,* 48 Fed. 312.

The cases of *Telles v. Lynde,* 47 Fed. 912, and *In re The Queen,* 93 Fed. 834, are relied on by plaintiff. If these cases hold, as claimed, that wages due a seaman may be seized under an execution issued on a valid judgment in a state court, they

are not good law, because the wages (that is, the right to the wages,) were attached and arrested whether called by garnishment, trustee process, foreign attachment, proceedings supplemental to execution or execution itself.   The contention claimed for is also opposed to the views, or the logical deduction therefrom, of Judges Benedict (4 Fed. 818), Nelson (14 Fed. 858), Brown (20 Fed. 57) and Lowell (17 Fed. 627, 703).   And what is more, it is opposed to the plain and ordinary meaning of the words of the statute.

The decision of the district magistrate is reversed and the order of attachment is dismissed.

*M. F. Prosser, Deputy Attorney General, (E. C. Peters, Attorney General,* with him on the brief), for plaintiff.

*Smith & Lewis* for the garnishee.

### CONCURRING OPINION OF HARTWELL, J.

In *Simerson v. I. I. S. Nav. Co.,* 1 Dole 189, the court mentions the cases in which U. S. District Judge Morrow, 47 Fed. 912, and U. S. District Judge De Haven, 93 Fed. 834, decided that the statute does not exempt seamen's wages from execution, but does not decide the question arising in this case.   Those decisions may be controlled by provisions in the California statute or by considerations of comity for the judgments of a state court which had been made in those cases.

The act entitled "To Consolidate and Amend the Law Relating to the Garnishee Process to Facilitate the Collection of Debts," Ch. 35, Laws 1876 (Ch. 135, R. L.), provides: "Whenever the goods or effects of a debtor are concealed in the hands of his attorney, agent, factor or trustee so that they cannot be found to be attached or levied upon, or when debts are due from any such person to a debtor," the goods and effects and debt "shall be secured" to pay such judgment as the plaintiff shall recover and after judgment, "shall be liable to pay the same." The plaintiff, "on praying out execution, may direct the officer serving the same to make demand of such agent, attorney, factor or trustee of the goods and effects of the defendant in his

hands, whose duty it shall be to expose the same to be taken on the execution, also to make demand of such debtor for any debt or such part thereof as shall satisfy such judgment as may be due to the defendant, and it shall be the duty of such debtor to pay the same," and after judgment the judge may order that such debts "be attached to answer the judgment debt" and "may order execution to issue to levy the amount due." The statute, it will be seen, treats the debt as "attached" whether before or after judgment.

The federal statute, enacting that seamen's wages shall not be subject to attachment, does not except attachments after judgment, and the court has no authority to make the exception. I therefore concur.

### DISSENTING OPINION OF FREAR, C.J.

The plaintiff recovered judgment against the defendant, the captain of a steamer, for taxes. Execution was issued and returned unsatisfied. The plaintiff then instituted what are usually called proceedings supplemental to execution, by citing in the owner of the steamer, a corporation, for the purpose of having the wages due and unpaid by it to the captain applied to the judgment under R. L., Sec. 2118. The defense of the owner is that the wages of the captain are exempt from execution and proceedings supplemental to execution as well as from ordinary attachment and garnishment under the federal statute (R. S., Sec. 4536) which provides that "no wages due or unpaid to any seaman or apprentice shall be subject to attachment or arrestment from any court," and that if it (the owner) should be required to apply the wages to the judgment, the captain could nevertheless recover such wages from it in an action in admiralty in the federal court. and thus it would be required to pay twice. It seems to me that the language of the statute, the reason of the statute and the cases that construe it are all against this contention. I assume for the purposes of this case that the captain is a seaman within the meaning of the statute.

1. The statute in its language exempts wages from "attachment and arrestment." Arrestment, I understand, is merely

a Scotch term for attachment. Attachment, of course, includes garnishment, which is merely the term for an attachment of property or debts in the hands of a third person. Attachment in a broad sense would, of course, include almost any seizure of person or property under judicial process, including a seizure on execution, but in its ordinary and proper sense it refers to mesne rather than final process. In 4 Cyc. 395, the first note under the article on attachment contains the following: "Distinguished from Execution.—An attachment has but few of the attributes of an execution, execution being a judicial process for obtaining debt or damages recovered by judgment, and final in its character, while the attachment is but mesne process, liable at any time to be dissolved and the judgment upon which may or may not affect the property seized." Waples on Attachment, Sec. 1, says: "Attachment, as generally authorized, * * * is a remedy for the collection of ordinary debt by preliminary levy upon property of the debtor to conserve it for eventual execrtion after the lien shall have been perfected by judgment. * * * Garnishment is attachment in the hands of a third person, * * * the creation of an inchoate lien to be perfected by judgment; the conservation of the debtor's property to secure the payment of the debt." The proceeding now in question, though sometimes called attachment or garnishment, is usually referred to as a proceeding supplemental to execution. It is treated under that title as a branch of the law of executions, not as a branch of the law of attachments, in the text books and cyclopaedias. The fullest treatment is found in 17 Cyc. 1402 et seq. Our statute on the subject, beginning with R. L., Sec. 2117, although included in the chapter on garnishment, was not a part of the original act of garnishment passed in 1856 although included in the later consolidated act of 1876 on that subject. It was copied from the English statute and is found, with various modifications, in the statutes of many of the American states. The proceeding is not brought for the purpose of tying up or holding the debt or property in the hands of the third person to await the result of an action against the defendant which may result favorably

or unfavorably to him, but is brought only after judgment is obtained against the defendant and execution has issued and been returned unsatisfied. Its object is to apply the property or debt immediately to the satisfaction of the judgment or expose it for sale immediately by the sheriff on execution. If the existence or validity of the debt is disputed or is doubtful the proceeding is usually dismissed immediately and the parties are left to their ordinary legal remedies, because the court at that stage, in the absence of statutory provision, has no power to try the question. The proceeding is a substitute for a creditor's bill. It is in the nature of execution. The words in the federal statute should be construed in their ordinary sense. If exemption from execution as well as from attachment had been intended the words ordinarily used to express such an intention would have been used. The rest of the section, which is quoted in Mr. Justice Wilder's opinion, bears out this view. While it is true that the word "attach" is sometimes used in reference to executions just as the word "levy" is sometimes used in reference to attachments, the real distinction between attachments and executions should not be lost sight of through a mere confusion of words.

2. The reason of the statute is found in the improvident character of seamen and the peculiar circumstances under which they are placed and the consequent need of their protection. To permit a retention of their wages pending a suit of uncertain duration and result would often work a great hardship upon them, but to allow their wages to be applied in payment of a just debt conclusively determined by a judgment would not be a hardship in a legal sense. The object of the statute is to prevent a suspension of wages by attachment or garnishment pending an action that may turn out to be unfounded, and not to prevent their application on execution to the payment of a just debt. In a certain sense a payment of a seaman's just debt would be a payment to him. It would be a payment on his account.

3. As to the cases, reference will be made first to the one most relied on by the majority, *McCarty v. The City of New*

*Bedford,* 4 Fed. 818, in which it was said that the federal statute now in question, which was copied from an English statute, was merely declaratory of the general maritime law and that therefore even in the absence of such a statute a state court was absolutely without jurisdiction to attach a seaman's wages. Even if that were good law it would have no application to the present case because that was a case of ordinary attachment or garnishment and not of execution or a proceeding supplemental to execution. Apparently, however, it was not good law. See the elaborate opinion by Chief Justice Gray in *Eddy v. O'Hara,* 132 Mass. 56, and the later decision in *White v. Dunn,* 134 Mass. 271. The result of these cases and the later federal cases, namely, *Ross v. Bourne,* 14 Fed. 858; 17 Fed. 703; *The City of New Bedford,* 20 Fed. 57, was that, in the absence of statute, a seaman's wages could be reached by ordinary attachment or garnishment proceedings in a state court, but that prior to their actual payment under such proceedings, an action could be prosecuted by the seaman for his wages in a federal court, that is, the federal court would not require the seaman to wait until the termination of the proceedings in the state court, but whenever payment was actually made under the process of either the state or the federal court the other court would dismiss the proceedings before it and not compel the party from whom the wages were due to pay a second time. All these cases were decided when the statute now in question was not applicable and related to ordinary attachment or garnishment on mesne process and not to execution or proceedings supplemental thereto. Even under the statute when it was made applicable a federal court under certain circumstances would not compel a party to pay a second time after payment under state process. *The St. Louis,* 48 Fed. 312. I have no doubt, however, that under the statute a state or territorial court should not attach the wages under mesne process. Thus there are no cases against my view. On the contrary the following cases support it.

In *Telles v. Lynde,* 47 Fed. 912, the court said, referring to the federal statute now relied on, "The section provides that 'no

wages due or accruing to any seaman or apprentice shall be subject to attachment or arrestment.' The libelant's wages were not taken from the respondents under attachment or arrestment, but under execution, and the proceedings supplementary thereto. The law does not exempt seamen's wages from such process, and the court therefore had jurisdiction to make the appropriation it did in satisfaction of the judgment against libelant." The court referred to was a justice's court in San Francisco corresponding to our magistrate's court and the proceedings supplementary to execution referred to were under a statute of the same character as ours. In *The Queen,* 93 Fed. 834, in which also proceedings in a San Francisco justice's court were involved, the court said: "The claim of the libelant is that the wages of seamen are exempt from execution under the general rule of the maritime law, and also by the express provisions of section 4536 of the Revised Statutes of the United States," and after referring to the general maritime law on this subject and the hardships of seamen on which it is founded, continued: "There is, however, a marked difference between an attachment to secure the payment of an asserted, and, it may be, disputed and unfounded, claim, and the levy of an execution which simply seizes upon property of a debtor for the purpose of satisfying a valid judgment; and my attention has not been called to any case in which it has been decided that the wages of a seaman may not be taken on execution issued out of a state court, in the absence of a statute exempting them from such seizure, or in which it has been held that a prior payment of the amount due a seaman for wages, in satisfaction of an execution issued against him, would not constitute a good defense to a subsequent action brought by him in admiralty for the recovery of such wages. In such a case it cannot be said that the seaman has not had the full benefit of the wages earned by him. Their application, under a lawful execution, to the payment of a debt of his, which is conclusively presumed to be just, and which he is bound, in conscience, to pay, is not oppressive, in a legal sense; and a court of admiralty will not, under such circumstances, decree that what has already been paid for

his benefit shall be again paid to him. In regard to the second contention of libelant, nothing more need be said than that section 4536 of the Revised Statutes, in providing, as it does, that 'no wages due or accruing to any seaman or apprentice shall be subject to attachment or arrestment from any court,' is not broad enough to cover the case of a seizure of a seaman's wages on execution (*Telles v. Lynde,* 47 Fed. 912), and therefore has no application to the present case." In *Simerson v. I. I. S. Nav. Co.,* 1 Dole 181, it is said that, "The cases of *Telles v. Lynde,* 47 Fed. Rep. 912, and *The Queen,* 93 Fed. Rep. 834, decide that the law in question, Section 4536 of the Revised Statutes, does not exempt seamen's wages from an execution." I fully agree with the conclusions of these federal courts. Even if my own impression were the other way, I should feel that, in the absence of any decision to the contrary, I ought to follow the construction placed by three federal courts in this, the ninth circuit, on a federal statute, especially when the question is at least a doubtful one and that construction is favorable to our own jurisdiction and to the rights of our own Territory and people. In *The City of New Bedford,* supra, even the federal court in one circuit followed the decision in *Ross v. Bourne,* supra, by the federal court of another circuit in a case originating in the latter notwithstanding the earlier contrary decision in *McCarty v. The City of New Bedford,* supra, by a federal court in the former circuit.

Thus, from whatever point it is viewed, the statute in question has no application to the present case and accordingly the judgment of the district magistrate should be affirmed.