## In re SUTHERLAND.

### (District Court, N. D. Ohio, E. D. March 28, 1912.)

### No. 73.

1. ALIENS (§ 66*)—NATURALIZATION—SEAMEN—CERTIFICATES.

Rev. St. U. S. § 2174 (U. S. Comp. St. 1901, p. 1334), provides that every seaman, being a foreigner, who declares his intention of becoming a citizen, and shall thereafter serve three years on board of a merchant vessel of the United States, on his application to any competent court and the production of a certificate of discharge and good conduct during that time, together with the certificate of his declaration of intention, may be admitted as a citizen. *Held*, that where petitioner, a seaman on the Great Lakes, offered, together with his declaration of intention made April 15, 1907, five certificates of discharge, all of which were made and signed by masters of American vessels, showing service on lake-going steamers for three years and nineteen days after his declaration, and showing good conduct during such period, they were sufficient.

[Ed. Note.—For other cases, see Aliens, Cent. Dig. § 130; Dec. Dig. § 66.*]

2. ALIENS (§ 66*)—NATURALIZATION—SEAMEN—STATUTES—REPEAL.

Act June 7, 1872, c. 322, § 29, 17 Stat. 268 (U. S. Comp. St. 1901, p. 1334; Naturalization Laws, tit. 30), provided that foreign seamen having declared their intention to become citizens, and having served three years on a merchant vessel of the United States subsequent thereto, on application and producing certificates of good conduct, with the certificate of declaration, may be admitted to citizenship. Act Cong. June 9, 1874, c. 260, 18 Stat. 64 (U. S. Comp. St. 1901, p. 3064), provided that none of the provisions of an act entitled "An act to authorize the appointment

of shipping commissioners," etc. (Act June 7, 1872), should apply to vessels engaged in coasting trade, except between the Atlantic and Pacific Coasts, or in the lake-going trade touching foreign ports or otherwise, etc. Act June 22, 1874, enacted the first revision of the federal statutes, by which section 29 of the act of 1872 became section 2174 (U. S. Comp. St. 1901, p. 1334), and was placed under the title "Naturalization," the other provisions of the act of 1872 being carried into the statutes under the title "Merchant Seamen" (title 53), and Rev. St. § 5596 (U. S. Comp. St. 1901, p. 3750), provided that all acts passed prior to December 1, 1873, any portion of which was embraced in any section of the revision, were repealed, and the sections applicable should be in force in lieu thereof. *Held*, that the effect of the revision was to repeal the act of 1872 as it existed at the date of the act of 1874, leaving section 2174 of the revision as an independent enactment, and, such section not being inconsistent with the act of June 9, 1874, it was not limited by that act, and hence seamen serving three or more years on American vessels, plying the Great Lakes, after declaring their intention to become citizens and producing the requisite certificates, were entitled to naturalization under that section.

[Ed. Note.—For other cases, see Aliens, Cent. Dig. § 130; Dec. Dig. § 66.*]

Application of Donald Sutherland for admission to citizenship. Application granted.

Wm. M. Ragsdale, of Pittsburg, Pa., for the United States.
I. L. Evans, of Cleveland, Ohio, for petitioner.

DAY, District Judge. [1] This is an application for naturalization to which the representative of the government has interposed certain objections. The petition was filed under section 2174 of the Revised Statutes, which provides as follows:

"Every seaman, being a foreigner, who declares his intention of becoming a citizen of the United States in any competent court, and shall have served three years on board of a merchant vessel of the United States subsequent to the date of such declaration, may, on his application to any competent court and the production of his certificate of discharge and good conduct during that time, together with the certificate of his declaration of intention to become a citizen, be admitted as a citizen of the United States;" etc. Title 30, Naturalization Laws (U. S. Comp. St. 1901, p. 1334).

The petitioner offers together with his declaration of intention made April 15, 1907, five certificates of discharge, all of which are made and signed by masters of American vessels, and show service on lake-going steamers for a period subsequent to the date of his declaration, aggregating three years and nineteen days. These certificates show good conduct during the period of such service. In my opinion these certificates are sufficient.

[2] The most serious objection made by the representative of the government is this, that section 2174 as originally enacted was one of the provisions (section 29) of the act of June 7, 1872, entitled "An act to authorize the appointment of shipping commissioners by the several Circuit Courts of the United States, to superintend the shipping and discharge of seamen engaged in merchant ships belonging to the United States and for the further protection of seamen." Act June 7, 1872, c. 322, 17 Stat. 268 (U. S. Comp. St. 1901, p. 1334).

It is further claimed that thereafter, on June 9, 1874, Congress passed an act whereby it limited the application of the act of 1872. The latter act provides as follows:

"That none of the provisions of an act entitled 'An act to authorize the appointment of shipping commissioners by the several circuit courts of the United States, to superintend the shipping and discharge of seamen engaged in merchant ships belonging to the United States, and for the further protection of seamen,' shall apply to sail or steam vessels engaged in the coastwise trade, except the coastwise trade between the Atlantic and Pacific Coasts, or in the lake-going trade touching at foreign ports or otherwise, or in the trade between the United States and the British North America possessions, or in any case where the seamen are by custom or agreement entitled to participate in the profits or result of a cruise or voyage." Act June 9, 1874, c. 260, 18 Stat. 64 (U. S. Comp. St. 1901, p. 3064).

It is accordingly contended by the government's counsel that the act of June 9, 1874, is sufficiently broad in its terms to embrace all of the provisions contained in the act of 1872, including section 29, and, further, that since this section was not changed in its scope, in its codified form where it was carried into Rev. Stat. June 22, 1874, seamen serving on American vessels engaged in lake-going or coastwise trade, except between the Atlantic and Pacific Coasts, are not entitled to the benefits of its provision for purposes of citizenship. In other words, if this construction were adopted, seamen serving on vessels engaged in the coastwise trade, other than in the excepted instances and those engaged on lake-going steamers mentioned in the act of 1874, are not to be regarded as serving on merchant vessels of the United States within the contemplation of the present section, and, secondly, are not entitled to the benefits of its provision for the purpose of admission to citizenship.

It being argued on behalf of the government that said section 2174, as it existed under the original act, and as it now exists, was to enable seamen serving on long voyages, who by reason of their calling were necessarily absent from their home ports for long periods, to become citizens by a more simple and ready method than is provided for other aliens under the naturalization statutes. The first revision of the United States Statutes was passed by Congress June 22, 1874, or a few days after the act of June 9th was passed. By such revision section 29 of the act of 1872 became section 2174 and was put under "Naturalization," title 30, while the same revision carried the other provision of the act of 1872 into the Revised Statutes under "Merchant Seamen," title 53.

The very purpose of the act in its original form was to protect all seamen in American vessels on the high seas, and naturally to allow them to become citizens for that purpose. If the benefits of this act are denied to any seaman being a foreigner on board of a merchant vessel in the coastwise or lake-going trade, he is without legal protection. This protection is just as essential in the coastwise and lake-going trade as elsewhere in the American merchant marine. If section 29 of the act of June 7, 1872, had been under title 53 of the Rev. Stat., which refers to merchant seamen, the situation might be different, but, considering the purpose of the legislation,

it is apparent to me that Congress never intended to include section 29 of the original act as contended for by government's counsel. Bearing in mind on June 22, 1874, the first revision of the general statutes was adopted by Congress (Revised Statutes 1874), and in that revision section 29 of the act of 1872 was taken therefrom and made a part of the title on "Naturalization" as section 2174 (R. S., tit. 30, "Naturalization"), by the same revision all other provisions of the act of 1872 were carried on into the Revised Statutes as part of title 53, "Merchant Seamen." The effect of this revision was to repeal the act of 1872 as it existed at the date of the act of 1874. The act of revision (Rev. St. § 5596 [U. S. Comp. St. 1901, p. 3750]) provided that all acts of Congress passed prior to the 1st day of December, 1873, "any portion of which is embraced in any section of said revision, is hereby repealed, and the sections applicable thereto shall be in force in lieu thereof." As a result of this legislation, section 2174 became and has since remained a substantive feature of the naturalization laws, and, as no such restriction as that made by the act of 1874 is to be found in such revision, the section is subject only to such limitation as is to be gathered from its own terms.

The effect of the act of 1874 upon the act of 1872 was considered by the United States Supreme Court in the case of Wilder, Assessor, v. Inter-Island Steam Navigation Co., 211 U. S. 239, 29 Sup. Ct. 58, 53 L. Ed. 164, 15 Ann. Cas. 127, Mr. Justice Day, delivering the opinion of the court, and after discussing the principal cases on the subject and approving them, found that the case before the court could be decided upon another ground, and said:

"This removes any question on that subject from the case, and renders it unnecessary to decide whether Act 1874, c. 260, 18 Stat. 64, had any effect to repeal section 4536 [U. S. Comp. St. 1901, p. 3082], so far as vessels thus engaged are concerned."

The vessel referred to was engaged in trade between the United States and Hawaii. Further on in the opinion of the court, at page 247 of 211 U. S., at page 61 of 29 Sup. Ct., 53 L. Ed. 164, 15 Ann. Cas. 127, while referring to section 4536 of the U. S. Rev. Stat., the court said:

"We think, too, that the section is to be construed in the light of and in connection with the other provisions of the title of which it is a part."

From a careful reading of this case, and from a reading of the recent case of The Amelia (D. C.) 183 Fed. 899, I am brought to the conclusion that the act of 1874 has no effect upon the section of the act of 1872 under another title. I do not think that section 2174 is inconsistent with any part of its own title, and that it is not inconsistent with the act of June 9, 1874. The naturalization acts should be given such construction as will insure their safe and efficient operation. It is desirable that the act should be so construed as to admit desirable types for citizenship and to exclude undesirables.

In a case somewhat similar to this, entitled "In the Matter of Gustaf Anderson Lind," 192 Fed. 209, Judge Van Fleet, of the Circuit Court of the Northern District of California, reached this same conclusion.

The question here presented to me was carefully and ably considered by Judge Van Fleet, and I in every way concur with his conclusion.

I therefore conclude that the certificates presented are sufficient, and that this petitioner's application for admission should be granted.