# J. H. SCHNACK *v.* H. O. CLARK, DEFENDANT; INTER-ISLAND STEAM NAVIGATION COMPANY, LIMITED, GARNISHEE.

APPEAL FROM DISTRICT MAGISTRATE OF HONOLULU.

ARGUED SEPTEMBER 28, 1913.   DECIDED OCTOBER 7, 1913.

ROBERTSON, C.J., PERRY AND DE BOLT, JJ.

GARNISHMENT—*seamen's wages.*

> Under the federal statutes the wages of a seaman engaged in the merchant trade between ports in this Territory, the seaman not having been shipped by a shipping commissioner, may be attached by a creditor in garnishment proceedings.

OPINION OF THE COURT BY ROBERTSON, C.J.

This is an appeal upon a point of law from a decision and order of the district court of Honolulu whereby the garnishee in the case was discharged. The action was assumpsit and the court gave judgment for the plaintiff against the defendant for the sum of $40.10 but declined to hold the money due the defendant from the garnishee on the ground that the defendant was a seaman within the meaning of section 4536 of the Revised Statutes of the United States and that his wages are therefore not subject to garnishment. It was admitted that the defendant was a seaman, being a mate on one of the steamers belonging to the garnishee; that said steamer was engaged in the inter-island trade, plying between ports of this Territory; that at the time the summons was served upon the garnishee it owed the defendant the sum of thirty-eight dollars for wages; and that the defendant was not shipped by or through a shipping commissioner but was employed by contract directly with the garnishee. The question is whether upon these facts the court below erred in discharging the garnishee.

It is conceded that the defendant was engaged in the coastwise trade.

Counsel for the garnishee rely upon the provision of section 4536 of the Revised Statutes of the United States that "No wages due or accruing to any seaman or apprentice shall be subject to attachment or arrestment from any court." Counsel for the appellant contends that the case is controlled by the Act of Congress of June 9, 1874, and later federal legislation. The act mentioned provided that "None of the provisions of an act entitled 'An Act to authorize the appointment of shipping commissioners by the several circuit courts of the United States to superintend the shipping and discharge of seamen engaged in merchant ships belonging to the United States, and for the further protection of seamen,' shall apply to sail or steam vessels engaged in the coastwise trade, except the coastwise trade between the Atlantic and Pacific coasts," etc.    18 Stat. L. 65. The act the title of which was quoted in the later act as above shown was passed by Congress on June 7, 1872 (17 Stat. L. 262). and was carried into the Revised Statutes of 1874 which were enacted on June 22, 1874.    But it was provided (R. S. Sec. 5601) that "The enactment of said revision is not to affect or repeal any act of Congress passed since the 1st day of December one thousand eight hundred and seventy-three, and all acts passed since that date are to have full effect as if passed after the enactment of this revision, and so far as such acts vary from, or conflict with any provision contained in said revision. they are to have effect as subsequent statutes, and as repealing any portion of the revision inconsistent therewith." The act of June 9, 1874, therefore, was not deprived of any force by reason of the enactment of section 4536.    On the contrary, it seems reasonably clear that that section must be taken to have been amended by the sweeping provision of the act of June 9, 1874, which evidently was intended to take out of the operation of the shipping commissioners' act vessels and seamen engaged in the coastwise trade other than that between the Atlantic and Pacific coasts.    Much force is added to this view by subsequent legislation.    Section 2 of an act approved on June 19, 1886

(24 Stat. L. 79) provided that "shipping commissioners may ship and discharge crews for any vessel engaged in the coastwise trade * * * at the request of the master or owner of such vessel" etc.; and an act approved on August 19, 1890 (26 Stat. L. 320) as amended by an act of February 18, 1895 (28 Stat. L. 667) and an act of March 3, 1897 (29 Stat. L. 689) provided that "when a crew is shipped by a shipping commissioner for any American vessel in the coastwise trade * * * * as authorized by section two of an act approved June nineteenth, eighteen hundred and eighty-six * * * * an agreement shall be made with each seaman engaged as one of such crew in the same manner as is provided by" certain sections of the Revised Statutes "* * * * and such seamen shall be discharged and receive their wages as provided by" certain other sections, including section 4536, "but in all other respects such shipment of seamen and such shipping agreement shall be regarded as if both shipment and agreement had been entered into between the master of a vessel and a seaman without going before a shipping commissioner: Provided, that the clothing of any seaman shall be exempt from attachment."

We think that the effect of this legislation is such that the wages of seamen engaged in the coastwise trade other than that between Atlantic and Pacific ports are not exempt from attachment unless the seaman was shipped by a shipping commissioner. It is difficult to account for the later legislation except upon the theory that it has been the understanding of Congress that the act of June 9, 1874, had the effect of abrogating the provisions of the act of June 7, 1872, and the corresponding sections of Title LIII of the Revised Statutes, of which section 4536 is one, so far as the coastwise trade, except that between Atlantic and Pacific ports, was concerned.

In the case of *Tax Assessor* v. *Tullett,* 17 Haw. 416, this court held that the wages of a seaman may not be attached or subjected to garnishee process after judgment against the defendant, that is, by proceedings supplemental to execution. In

that case the plaintiff admitted that the defendant's wages could not be attached before judgment and the question presented in the case at bar was not raised there.     That case was affirmed by the supreme court of the United States in *Wilder* v. *Inter-Island Navigation Co.,* 211 U. S. 239.     The supreme court reviewed most of the earlier decisions, federal and state, which dealt with the subject of the attachment of seamen's wages, noted the conflict of views therein expressed, and said (p. 245), "We may premise that no contention was made in the Supreme Court of Hawaii, or in the assignments of error or argument in this court that §4536 was inapplicable because the steamship company was engaged wholly in the coastwise trade.     This removes any question on that subject from the case and renders it unnecessary to decide whether the act of 1874, c. 259, 18 Stat. 64, had the effect to repeal §4536, so far as vessels thus engaged are concerned."

In *United States* v. *The Grace Lothrop,* 95 U. S. 527, 532, referring to the effect of the statute of 1874, the court said "the language of the act is in terms an explicit declaration that Congress never intended that the original act should apply to vessels engaged in any part of the coasting trade, except that between the Atlantic and Pacific coasts."     In *United States* v. *Bain,* 5 Fed. 192, 195, after quoting from the statute of 1874, the court said, "This language is so broad and comprehensive that, in our opinion, its effect must be to strike from the Revised Statutes every provision therein which was taken from the act of 1872 relative to such coastwise vessels; and their operation must be restricted to vessels sailing on long foreign voyages or from the Atlantic to the Pacific coasts."     See also *Ross* v. *Bourne,* 14 Fed. 858, 859.     In *Eddy* v. *O'Hara,* 132 Mass. 56, 60, referring to the same point, the court said "Coasting voyages (except as specified) would thus seem to be taken wholly out of the provisions of the act of 1872."     And following the dictum in that case it was held in *White* v. *Dunn,* 134 Mass. 271, that seamen's wages were not exempt from attachment except by statute and

Schnack v. Clark, 21 Haw. 661.

that wages due a seaman on a coasting voyage between ports on the Atlantic coast were subject to attachment by the trustee process.

All the cases above cited except that of *Wilder* v. *Inter-Island Navigation Co.* were decided prior to the enactment of the series of statutes above referred to beginning with the act of June 19, 1886.

In *Holland* v. *Steamship Helene,* Estee's·Reports, 281, 284, decided in 1902, where it was held that the complainant's wages were exempt from attachment because he had shipped before a shipping commissioner, Judge Estee said "I am forced to the conclusion that the act of 1874, standing alone, might defeat a proceeding of this character in the event the complainant was employed on a vessel engaged in the coastwise trade. However, there have been several important amendments to the shipping commissionrs act since the act of 1874, which shed a different light upon it." And after quoting from several of the statutes, the learned judge said, "It seems to be clear that in addition to the extension of the other provisions of the Revised Statutes enumerated in said act (Act of Feb. 18, 1895), it was the intention of Congress to remove the limitations arising through the act of 1874, in relation to the exemptions of seamen's wages in the coastwise trade, from all seamen shipping on vessels engaged in that trade, who shipped before a shipping commissioner."

In the case of *The Amelia,* 183 Fed. 899, decided in 1910, District Judge Toulmin held apparently without reservation that the wages of seamen employed on coastwise merchant vessels are not subject to garnishment by a creditor. The learned judge said, "In 1878 the Revised Statutes of the United States were adopted under an act of Congress. By it the act of June 7, 1872, including the provisions of said section 4536, became a part of the Revised Statutes, under title 53, Merchant Seamen, c. 3. This merchant seamen statute is a general and permanent one, dealing with the shipping of seamen, their wages,

and effects, discharge, protection, relief etc.   We find in this statute no distinction or discrimination made between the seamen engaged in merchant ships belonging to the United States as to their protection in the coastwise trade generally and the particular coastwise trade mentioned in the act of June 9, 1874. Is not this fact strongly persuasive that Congress intended to put all seamen engaged in the coastwise trade on the same footing as to their treatment, and their protection in reference to their wages?"   But the Revised Statutes were enacted in 1874, and the saving clause of section 5601 seems to have been overlooked.   The case of *United States* v. *The Grace Lothrop, supra,* was not referred to and possibly was also overlooked. The learned judge quoted from the act of August 19, 1890, and the fact may have been, though it does not appear in the report, that the libellant in that case, as in *Holland* v. *Steamship Helene, supra,* had been shipped by a shipping commissioner. If such were the fact the conclusion reached may readily be understood, otherwise we are unable to follow it.   In the case of *In re Sutherland,* 197 Fed. 841, Judge Toulmin's reasoning received the approval of District Judge Day.   The question involved in the *Sutherland case,* however, was somewhat different from that presented in the case at bar.   Both Judge Toulmin and Judge Day seemed to take the view that the case of *Wilder* v. *Inter-Island Steam Navigation Co.* virtually decided that the act of June 9, 1874, did not have the effect which has been ascribed to it.   It seems to us that the supreme court made it very clear that it intended to throw out no intimation as to what view it entertained on the point.

Congress has the undoubted power to determine the policy which shall govern the relations between ship-owners and seamen and their creditors.   With the logic or wisdom of distinctions drawn or discriminations made by statute, unless they contravene the Constitution, the courts are not concerned, it being their duty merely to construe and apply the law as they find it to have been enacted.   We hold that under the federal statutes

.the wages of a seaman engaged in the merchant trade between ports in this Territory, the seaman not having been shipped by a shipping commissioner, may be attached by a creditor in garnishment proceedings.

As the case will have to be remanded we would call attention to section 1831 of the Revised Laws relating to the exemption of wages from attachment and execution, and to section 1 of Act 99 of the Laws of 1907 relating to the garnishment of wages. No reference was made to local statutes at the argument and we make no ruling as to the application of those mentioned or either of them to the wages of the defendant.

The order appealed from is reversed and the case is remanded to the district court of Honolulu for further proceedings conformable hereto.

*F. Schnack* for plaintiff.

*E. W. Sutton* (*Smith, Warren, Hemenway & Sutton* on the brief) for the garnishee.

*C. H. McBride* filed a brief for defendant.