J. J. BYRNE *v.* DANIEL KALEIKI, DEFENDANT, INTER-ISLAND STEAM NAVIGATION COMPANY, LIMITED, GARNISHEE.

APPEAL FROM DISTRICT MAGISTRATE OF HONOLULU.

SUBMITTED JUNE 1, 1914.          DECIDED JUNE 9, 1914.

ROBERTSON, C. J., WATSON AND QUARLES, JJ.

GARNISHMENT—*seaman's wages.*

    The wages of a seaman who has not shipped through a shipping commissioner, but directly employed by the owner of a ves-

sel engaged in the merchant trade between ports in this Territory, are subject to garnishment. Affirming *Schnack* v. *Clark*, 21 Haw. 661.

## OPINION OF THE COURT BY QUARLES, J.

The appellant, the Inter-Island Steam Navigation Company, Limited, was served with garnishee summons in the district court of Honolulu, as provided by the statute of this Territory, appeared as such garnishee, and answered as follows: "That the defendant is a second mate on the steamer 'Claudine,' hired directly by the Inter-Island S. Nav. Co., and not through a shipping commissioner, and at the time of service of process, it has 3½ days' pay due to defendant, and receives a salary of $92.00 a month, and is still in its employ. That said steamer 'Claudine' is used by the garnishee in the inter-island coast trade from one island to another." It moved that it be discharged as such garnishee on the ground that the wages of the defendant, as a seaman, are not subject to attachment or garnishment under the provisions of section 4536 Revised Statutes of the United States. This motion was denied, and the defendant having defaulted, judgment was entered against the defendant, and against the garnishee, in favor of the plaintiff for the sum of the debt and costs, amounting in all to the sum of $92.04, and the garnishee, appellant, was ordered to withhold from the defendant and pay to the plaintiff twenty-five per centum of the wages due to defendant at the time of service of such garnishee summons, and thereafter accruing, until the said judgment should be satisfied. From the judgment so entered the garnishee has appealed directly to this court upon the point of law, whether or not the wages of the defendant, as a seaman, are exempt from attachment or garnishment under the provisions of section 4536 Revised Statutes of the United States. The garnishment process shown by the record is authorized under the statutes of this Territory, and the appeal herein is in all things regular, and vests jurisdiction in this court. The judg-

ment must be affirmed, unless the contention of the garnishee that the wages of the defendant are exempt from attachment or garnishment by reason of said statute, is correct.

In the case of *Schnack* v. *Clark,* 21 Haw. 661, this court, recently, after full and careful consideration, passed upon this question in a similar case, and held that the wages of seamen engaged in the coastwise trade, when employed by the master or owner of the vessel, and not through a shipping commissioner, are not exempt from attachment or garnishment by a creditor. After further consideration we see no reason for coming to a different conclusion, and reaffirm the decision in *Schnack* v. *Clark, supra.* The several acts of Congress relating to the subject-matter, and the authorities deciding this question, both in the affirmative and in the negative, were so fully considered and discussed by this court in *Schnack* v. *Clark, supra,* that no useful purpose would be subserved by again considering and discussing them here. With a few additional suggestions we will base our decision in this case upon the authority of the decision in *Schnack* v. *Clark, supra.*

A diversity of opinion has been expressed as to whether the original shipping commissioners' act of June 7, 1892 (17 Stat. L. 262), affected seamen engaged upon vessels in the coastwise trade, or if so, whether or not the act of Congress of June 9, 1874 (18 Stat. L. 64), repealed the original act in so far as seamen engaged upon vessels in the coastwise trade, other than between Atlantic and Pacific coast ports, are concerned. The Supreme Court of the United States in *United States* v. *The Grace Lothrop,* 95 U. S. 527, 532, held that the original act of June 7, 1872, did not apply to vessels engaged in the coastwise trade except between Atlantic and Pacific coast ports, but said that if there was any doubt on that point that it had been removed by the amendatory act of June 9, 1874, wherein it was provided that none of the provisions of the original act should apply to vessels engaged in the coastwise trade except between the Atlantic and Pacific coasts. This ruling was followed in *United States* v. *Smith,* 95 U. S. 536. The apparent

object of the act of June 9, 1874, giving to the language thereof its usual signification, is to take out of the operation of the act of June 7, 1872 (the shipping commissioners' act, within which is included section 4536 Rev. Stat. of the United States), vessels engaged in the coastwise trade other than those engaged in trade between the Atlantic and Pacific coasts, if the same were included at all in the original act. Such was the conclusion of the court in the two cases last cited, and this conclusion is manifestly correct. In *Wilder* v. *Inter-Island Steam Navigation Co.*, 211 U. S. 239, this question was mentioned as not having been argued, or presented by the assignment of errors, and, therefore, not decided, the court treating the shipping commissioners' act in a general way, and not interpreting that portion of it found in section 4536 Revised Statutes of the United States with reference to subsequent amendatory acts.

Following the legislation by Congress affecting the matter down to the present time we find no act which repeals the act of June 9, 1874, or which expressly, or by intendment, makes the provisions of the original act extend to vessels engaged in coastwise trade other than between Atlantic and Pacific coast ports in so far as the question before us is concerned. The act of June 26, 1884 (23 Stat. L. 53, 60), appears from the title and from the body of the act to apply only to vessels engaged in the foreign carrying trade (trade between Atlantic and Pacific coast ports being treated as foreign), with the exception of those engaged in trade "between the United States and the Dominion of Canada, Newfoundland, the Bermuda Islands, the Bahama Islands, the West Indies, Mexico and Central America." That act does not mention vessels engaged in the coastwise trade other than between the Atlantic and Pacific coasts, nor in terms refer to the amendatory act of June 9, 1874, or refer at all to section 4536 Revised Statutes. The act of June 19, 1886, section 2 (24 Stat. L. 79, 80), authorizes the shipment and discharge of crews on vessels engaged in the coastwise trade, etc., "at the request of the master or owner of such vessel," the fees to be half of the usual fees. This provision is

permissive only, and we do not see how it affects the question
at issue here, where the defendant seaman was not employed
through a shipping commissioner, but directly by the owner
of the vessel.   The last act named was further amended by
act of August 19, 1890 (26 Stat. L. 320), so as to make vessels
engaged in the coastwise trade, etc., that ship crews through a
shipping commissioner, subject to twenty of the sections of the
original act incorporated into Title LIII, Revised Statutes of
the United States, but did not mention section 4536 included
therein.   Said act was further amended by act of February 18,
1895 (28 Stat. L. 667), extending the provisions of section
4536 and other sections in said Title LIII, Revised Statutes to
vessels engaged in coastwise trade whose crews should be
"shipped through a shipping commissioner."   This last amend-
atory act was further amended by act of March 3, 1897 (29
Stat. L. 687, 689), but in no way affecting the question before
us.   The original act under consideration was again amended
by act of December 21, 1898 (30 Stat. L. 755, 764), but only
by the fourth and fifth sections, the fourth amending section
4529 Revised Statutes so that a seaman must be paid his wages
within two days after the termination of the agreement under
which he shipped or when he is discharged, unless he shares in
the profits of the cruise or voyage; while the fifth section amends
section 4530 Revised Statutes so as to require the payment to
every seaman of "one-half part of the wages which shall be due
him at every port where such vessel, after the voyage has com-
menced, shall load or deliver cargo before the voyage is ended
unless the contrary be expressly stipulated in the contract; and
when the voyage is ended every such seaman shall be entitled
to the remainder of the wages which shall then be due him as
provided in section forty-five hundred and twenty-nine of the
Revised Statutes."   In passing this amendment Congress evi-
dently had under consideration the prior amendatory acts under
which seamen engaged upon vessels in the coastwise trade were
excluded from the provisions of the shipping commissioners'
act except in cases where they shipped through a shipping com-

missioner, hence, did not intend that the last amendment should affect seamen engaged on vessels in the coastwise trade upon either one of our coasts who do not ship, or have not shipped, through a shipping commissioner. Another matter to be considered is that the defendant seaman was employed under a contract which provided for payment of his salary at stated times bringing this case within the proviso of the last mentioned statute, as no other inference than that his wages were payable monthly, and not by "cruise" or "voyage," arises from the language of the answer of the appellant.

The judgment of the district court of Honolulu appealed from is affirmed, with costs to the appellee.

*Thompson, Wilder, Milverton & Lymer* for plaintiff.

*Smith, Warren, Hemenway & Sutton* for garnishee.