46    293
25a   156

# J. ADDISON CRAIN

## *v.*

## RICHARD GOULD.

1. GARNISHEES—*rights of garnishee—fraud.* It would be a fraud upon creditors to permit a debtor to place his property beyond their reach, by depositing it with an attorney to be held nominally for future services, to be rendered in whatever litigation the debtor might be engaged.

2. ANSWER OF GARNISHEE. Where a garnishee charges himself with a sum of money, against which he claims a set-off, he must show to what extent, or state the facts from which the court can determine the amount.

3. Where the answer of a garnishee is vague and evasive, the court will construe it most strongly against him.

APPEAL from the Circuit Court of Stephenson County; the Hon. BENJAMIN R. SHELDON, Judge, presiding.

The facts are stated in the opinion.

Mr. J. A. CRAIN, *pro se.*

Messrs. TURNER & NEFF, for the appellee.

Mr. JUSTICE LAWRENCE delivered the opinion of the Court:

Crain was summoned as the garnishee of Cahill, and upon his answer the court rendered judgment against him for $393.28, the amount of the judgment against Cahill. Crain has prosecuted an appeal.

Crain stated in his answer, that, at the time of the service of the garnishee process, he had in his hands $1030.00, for which he had given Cahill the following memorandum:

" Received of Michael Cahill one thousand thirty dollars delivered me in pledge to secure me for becoming his security in recognizance in case of People of the State of Illinois *vs.* said Cahill, also to secure me for becoming his bail in capias suit of Thomas F. Kiernan *vs.* said Cahill, and further to secure me against any costs or charges to which I may be put by reason of being such security or bail, and also to secure such fees as may be due to me in any business of said Cahill's I may have in hand for him either now or hereafter.

 [Revenue Stamp.]      J. A. CRAIN."

" Attest: H. N. HIBBARD."

It further appears from the answer that, at the date of the service of the garnishee process, the contingent liability of Crain in the two suits specified in the receipt had been extinguished by legal proceedings. He claims, however, that after service, but before the filing of the answer, he had become the security of Cahill in new prosecutions against him, and that Cahill was indebted to him in fees for services rendered, or to be rendered, but having had no settlement with Cahill, he does not undertake to state the amount of such indebtedness.

It is clear that Crain had no right to retain this money, as against the creditor, for the purpose of securing himself on any liability voluntarily incurred after the service of the garnishee process. He would, however, be entitled to retain enough of it to secure the payment of any fees due or to become due in any business in which he had been retained by Cahill as an attorney before the process was served. This is the fair construction of the instrument given by Crain to Cahill. But this right would not extend to business in which the retainer was subsequent to the service of process, or to business which might arise afterward, in which Crain claimed fees merely by virtue of a prior general retainer. It would be a fraud upon creditors to permit a debtor to place his property beyond their reach, by depositing it with an attorney to be held nominally for future services to be rendered in whatever litigation the debtor might be engaged. The attorney could hold it only to secure payment to himself for such services as he had, expressly or by implication, agreed to render before the creditor had established his lien.

Applying these principles, which hardly admit of controversy, to the answer of Crain, we do not perceive that the Circuit Court erred in its judgment. Besides the $1030.00 specified in the receipt, Crain had collected for Cahill two notes amounting to $147.57, over the cost of collection. Against this sum he claims a set-off of $100.00 for expenses incurred

in the business of Cahill, without stating the mode in which they had been incurred. He further states that he had received one hundred dollars, fees, but does not know precisely upon what business done by him for Cahill it had been applied. He also says that Cahill is involved in both criminal and civil litigation, growing out of business in which Crain had been retained as his attorney long before the service of the garnishee process, and that he cannot state what fees were due him for services already rendered, having had no settlement with Cahill, nor what services he might thereafter be called upon to perform, nor what the fees therefor would be.

We cannot but regard this answer as evasive. It was the duty of the appellant to state what sum, in his opinion, his past services were worth, and what would be a proper fee for such services as he had placed himself under obligation to render, and the court would allow him to retain in his hands a reasonable compensation therefor. If he was defending Cahill under an indictment, by virtue of a retainer prior to the garnishee process, the court would have allowed a reasonable fee, not only for what had been done, but for what it would be his duty to do, and might have assumed, in his favor, that the case would be brought to trial. So, also, of the civil suit. But the answer furnished no *data* upon which the court could decide that the fees, in any contingency within the range of the retainer, would amount to the sum in Crain's hands. If, by such an answer, he could retain $1,100 from creditors, he might retain ten times that sum.

Upon this answer, what was the proper judgment? In *McCoy* v. *Williams*, 1 Gilm. 591, a case not unlike this in principle, this court said : " When a garnishee is once charged, either by proof or by his own admission and answer, he must show enough to discharge himself," referring to other authorities. Applying that rule, the court held, in that case, where a garnishee set up his liability on an appeal bond which he had signed as security for the debtor, and on which judgment had

been recovered, as the answer did not show the bond to have been signed prior to the garnishment, the claim to set-off the liability under it must be disregarded. In this case, Crain's answer charges him with a sum of money, against which he claims a set-off, but does not show to what extent, or state any facts from which the court could determine the amount. Under these circumstances, the court rendered a judgment against him, which still left a balance in his hands of about $700, thereby assuming that the unsettled fees claimed by him, without specification of their amount, would be sufficiently covered by that sum. We are not prepared to say that on this answer the judgment was not correct. The answer was vague and evasive, and the court construed it, as was proper, most strongly against the respondent. The judgment must be affirmed.

*Judgment affirmed.*