STEPHEN WHITE *vs.* JOSEPH DUNN & trustee.

Bristol.  Oct. 27, 1882. — Feb. 28, 1883.  C. ALLEN, COLBURN & HOLMES, JJ., absent.

The wages of a seaman on a coasting voyage on the Atlantic coast are subject to attachment by the trustee process.

TRUSTEE PROCESS. The Old Colony Steamboat Company, a corporation established by law in this Commonwealth, and having a place of business in Fall River, summoned as trustee of the principal defendant, answered that, at the time of the service of the writ upon it, it was a common carrier of freight and passengers between the port of Fall River in this Commonwealth and the port of New York in the State of New York, its

course being through the waters of Mount Hope Bay, Narragansett Bay, Long Island Sound, New York Bay, the East River and the North River; that the principal defendant, before and at the time of the service of the writ upon it, was regularly employed by it as a seaman on one of its freight propellers, in making trips between said ports over that course; that it owed him for wages as such seaman the sum of $24, and had in its hands, possession or control no other goods, effects or credits of his; and that he had demanded his said wages of the company and claimed to hold it liable therefor.

The Superior Court charged the trustee on its answer; and the trustee appealed to this court.

*J. M. Morton*, for the trustee, cited *McCarty* v. *City of New Bedford*, 4 Fed. Rep. 818.

*J. M. Wood*, for the plaintiff.

MORTON, C. J. The question presented in this case was exhaustively discussed in the opinion in the case of *Eddy* v. *O'Hara*, 132 Mass. 56. That case did not necessarily involve the question, and therefore may not, strictly speaking, have the force of an adjudication; but, upon careful reconsideration of the subject, the reasoning of the opinion satisfies us that, by the law of this State, the wages of seamen engaged in the coastwise trade of the Atlantic coast are subject to attachment by the trustee process. We are therefore of opinion that the judgment of the Superior Court charging the trustee should be affirmed.

We regret that there is a conflict of decisions between this court and the District Court of the United States for the Southern District of New York; but, notwithstanding the respect we have for that court, we are compelled to administer the law of this State as we find it to be. It is not probable that practical injustice will grow out of the conflict. We have held that, if the owners are obliged, by the judgment of an admiralty court, to pay the wages to a seaman, they cannot be charged as his trustees, though the libel upon which the judgment was rendered was filed after the trustee process. *Eddy* v. *O'Hara, ubi supra.* It is to be presumed that, if a trustee is charged in a trustee process and pays the amount due for wages upon the judgment, a court of admiralty will respect the judgment, and will not

compel the owners to pay a second time wages which they have been compelled to pay to the creditor of a seaman and for his benefit, by the judgment of a court of competent jurisdiction.

*Judgment affirmed.*