## EMMA H. AYER

*vs.*

## OLIVER BROWN, and HARVEY D. HADLOCK, alleged trustee.

## Cumberland. Opinion March 18, 1885.

*Trustee process. Wages of a seaman.*

The wages of a seaman engaged in the coasting trade, when collected by, and remaining in the hands of his attorney, a proctor in the admiralty court, are not for that reason exempt from attachment by trustee process.

ON exceptions from superior court.

The trustee disclosed.

" On the twenty-first day of November, A. D., 1883, I was attorney for Oliver Brown, the principal defendant, in this action to collect by process in admiralty, wages due said Brown as a seaman on board the schooner M. M. Chase, and for that purpose I filed a libel in behalf of said Brown in the United States district court for the district of Maine, and process was duly issued against said schooner, made returnable in said district court on the twenty-second day of November, A. D. 1883, at ten o'clock in the forenoon, and said schooner was duly attached on said process; that on the said twenty-first day of said November, after said attachment had been made the sum of forty dollars and thirty-five cents was paid to me as the amount of wages due said Brown, for his services on board said schooner, M. M. Chase, from which amount I deducted the sum of fifteen dollars as my fees for services, and while I was at the U. S. Marshal's office for the purpose of discharging said schooner from the attachment aforesaid, I was served with process in this action, and at the time of said service I had in my possession the sum of twenty-five dollars and thirty-five cents as balance to be paid said Brown as wages as seaman on board said schooner, M. M. Chase."

Upon this disclosure the trustee was charged for $25.35, less his costs, and to this ruling he alleged exceptions.

*C. P. Mattocks* and *W. K. Neal*, for plaintiff.

*H. D. Hadlock*, for the defendant, cited: *McCarty* v. *St. Propellor City of New Bedford*, 4 Fed. Rep. 824; *Ross* v. *Bourne*, 14 Fed. Rep. 858; S. C. 17 Fed. Rep. 703; U. S. R. S., § § 4530, 4546, 4547; *Hutchinson* v. *Coombs*, 1 Ware, 65; *The Brig Planet*, 1 Sprague, 11; *Earl Gray*, 1 Spink, 180.

EMERY, J. The trustee claims that a seaman's wages, though earned in the coasting trade, are not attachable by trustee process, and cites the opinion of Judge Benedict, in *McCarty* v. *Steamer New Bedford*, 4 Fed. Rep. The contrary has been expressly held in Massachusetts. *Eddy* v. *O'Hara*, 132 Mass. 56; *White* v. *Dunn*, 134 Mass. 271.

The reasons given by Judge Benedict, however, do not apply here. In this case the owners had paid the wages to the seaman's own attorney, who was impliedly authorized by the seaman to receive it. There was no longer any claim against the vessel, nor the owners, nor the master. The money was not paid into court. The attorney did not hold it as an officer of the court, but as the agent of his client. His being a proctor in an admiralty court, imposed on him certain duties to that court, but did not free him from any obligations to his client, or his client's creditors. The defendant had in effect collected his wages, and intrusted and deposited the money with his attorney. We think it was then liable to attachment. *Staples* v. *Staples*, 4 Maine, 532.

*Exceptions overruled.*

PETERS, C. J., WALTON, VIRGIN, LIBBEY and HASKELL, JJ., concurred.