## HARRISON HEWITT vs. PETER J. MCNERNEY.

Third Judicial District, New Haven, January Term, 1901.
ANDREWS, C. J., TORRANCE, BALDWIN, HAMERSLEY and HALL, Js.

General Statutes, § 1231, as amended by Chap. 342 of the Public Acts of 1895, provides that "so much of any debt which has accrued by reason of the personal services of the debtor" as shall not exceed $50, shall be exempt from foreign attachment and execution. *Held* that money paid over to an officer about to serve a writ, in settlement of a claim for personal services, was not exempt from garnishment while in his hands, in an action against the plaintiff in the original suit. Such payment operates as an extinguishment of the debt due for personal services, and in accepting the money and settling the case the officer must be regarded as acting as the agent of his employer, and, as such, is liable to garnishment in a suit against the latter.

Submitted on briefs January 16th—decided March 6th, 1901.

ACTION of *scire facias* against a garnishee, brought originally before a justice of the peace and thence by the defendant's appeal to the Court of Common Pleas in New Haven County and tried to the court, *Studley, J.*, upon the plaintiff's demurrer to the defendant's answer; the court sustained the demurrer and afterwards rendered judgment for the plaintiff, and the defendant appealed for alleged error of the court in sustaining the demurrer. *No error.*

These facts appear by the pleadings: In June, 1900, one May Gouin brought suit against one Catherine O'Shea, to recover money due for personal services, and the writ in that suit was served by the present defendant, who is a constable. "On the 6th day of June the said Catherine O'Shea," in the language of the answer in the present action, "paid over to the [present] defendant in settlement of said suit the sum of $23 due the said May Gouin for personal services, and $6.12 due the defendant for service of papers in the case and for other necessary services. The said $23 due her for personal services was the only money belonging to May Gouin that

the defendant had in his possession on the 6th day of June, 1900, . . . except said $6.12."

On the 6th of June the present plaintiff brought an action against said May Gouin, and garnisheed the present defendant, and demand was duly made upon the defendant as the debtor of said May Gouin, upon the execution issued upon the judgment recovered in said action against May Gouin for $15.22; that being the amount of said judgment, with fees on execution.

Upon the plaintiff's demurrer to the answer, the defendant claimed that he was not liable to pay the amount of said judgment against May Gouin, upon the ground that said sum of $23 in his hands at the time of the service of the copy in foreign attachment was exempt from attachment under the statute, and that said sum of $6.12 was not due to the said May Gouin, but belonged to him.

The only reason of appeal was the sustaining of the plaintiff's demurrer to the defendant's answer.

*Charles T. Coyle* and *Lorenzo W. Housel,* for the appellant (defendant).

*Ward Church,* for the appellee (plaintiff).

HALL, J. The statute of this State concerning actions by foreign attachment provides that " so much of any debt which has accrued by reason of the personal services of the defendant as shall not exceed fifty dollars . . . shall be exempted and not liable to be taken by foreign attachment or execution." General Statutes, § 1231, as amended by Chap. 342 of the Public Acts of 1895, p. 707.

In this case the debt, which had accrued by reason of the personal services of May Gouin, was due from Catherine O'Shea. Had she been garnisheed before the payment of that debt, the statute of exemption would have applied. But May Gouin rendered no services to the defendant, McNerney, and a debt due from him to her, arising from the fact that as her agent he had settled her suit against Catherine O'Shea and had

Hewitt *v.* McNerney.

received payment of the debt due from the latter, would not be within the language of the statute exempting from attachment a debt accruing for personal services. In that case the payment by Catherine O'Shea to the defendant would operate as an extinguishment of the debt for personal labor. May Gouin would no longer have a right of action against either Catherine O'Shea or this defendant for her personal services. Her only remedy would be against her agent for having failed to pay over money which he had collected. *Cook* v. *Holbrook,* 6 Allen, 572; *Manchester* v. *Burns,* 45 N. H. 482, 485. Although, if the defendant could be regarded as having collected this money in the performance of his duty as an officer, he might, under our foreign attachment law, be factorized as the agent or trustee of the person whose funds he had collected (*New Haven S. S. M. Co.* v. *Fowler,* 28 Conn. 103), yet if he was employed as a constable not only to serve process but also to settle and receive payment of claims, he must be regarded, while engaged in the latter work, as acting in the capacity of a personal agent of the one employing him, rather than as an officer, and as such agent he might of course be garnisheed. *Tucker* v. *Bradley,* 15 Conn. 46, 50. From the facts, as they are admitted by the pleadings, it clearly appears that in collecting the money in question the defendant acted as the personal agent of May Gouin, and not as the agent of Catherine O'Shea to pay the money for her to May Gouin.

It is nowhere averred in the pleadings that the defendant officer was employed by Catherine O'Shea as her agent to pay this money to May Gouin, or that after the money was received by the officer it still belonged to, or was subject to the control of, Catherine O'Shea. On the contrary, the defendant, who has undertaken to state the facts showing that the money while in his hands was exempt from attachment under the statute, alleges in his second defense that the $23 in his hands at the time he was factorized belonged to May Gouin; that the sum due her for personal services, as well as the fees due him as an officer, after the service of the writ in the action against Catherine O'Shea, had been paid by her to him in settlement of that suit. The receiving of a particular sum for

May Gouin in payment of a debt due her, and in settlement of a suit commenced by her, are acts which could properly be performed only by one having authority from her. Coming, as they do, from the defendant, these allegations amount to an admission by him that he received the $23 as the agent of May Gouin, and that the debt secured by the foreign attachment was that due her from the defendant as her agent, and that that debt was not one which had accrued by reason of the personal services of May Gouin.

As the $23 received by the defendant in payment for the personal services of May Gouin exceeds the sum for which the plaintiff was entitled to recover judgment in this action, exclusive of costs in the justice court and the Court of Common Pleas, it is unnecessary to decide whether the sum received by the defendant for his fees as an officer was a debt due May Gouin which was reached by the foreign attachment.

There is no error.

In this opinion the other judges concurred.