## General Tire Co. of Philadelphia, Inc., v. Mulholland et al.

*Rosen & Polish*, for plaintiff; *Robert T. McCracken*, for garnishee.

SMITH, P. J., June 4, 1931.—The garnishee in the above entitled case is an attorney at law, and the debtor, or defendant, is his client, who turned over to him various accounts for collection. After the attachment execution was issued interrogatories were propounded, requiring certain information as to the accounts receivable so turned over to the garnishee by the defendant, the terms of the agreement under which the accounts were turned over, the names of the accounts, the collections that had already been made by the garnishee, and the amount in his hands which was due by him to his client, the defendant, by reason of these collections.

The garnishee refused to answer some of these interrogatories on the ground that the information he possesses is confidential, because of the relationship of attorney and client. The question in this case, therefore, is whether the garnishee is justified in refusing to answer the several interrogatories.

It is contended on the part of plaintiff that the garnishee should have answered all the interrogatories, and on account of his failure to do so, it asks that judgment be granted against the garnishee for insufficient answers.

It was held in the early case of Riley *v.* Hirst, 2 Pa. 346 (1845), that money in the hands of an attorney at law may be levied on by attachment in execution under a judgment against his client. In that case Mr. Justice Sergeant stated: "No reason has been suggested why an attorney at law should not be made garnishee in a foreign attachment. Considerations of public policy and convenience require, that money in the hands of public officers

appointed by law, such as sheriffs, prothonotaries, and other depositaries, should not be stopped whilst in custodia legis. But an attorney at law derives his power entirely from his client, and there seems no more reason for his exemption than that of an attorney in fact or other private agent. Accordingly the authorities are all concurrent on the point; and even in England, where the attorney has a privilege not known here, of being sued in his own court; that privilege gives way where the fund in his hand is to be reached by foreign attachment under the custom of London and other places.

"We think the court erred in giving judgment for the defendant on the demurrer to the plea, which is the only point that appears to have been raised below."

In the case of Jeanes v. Fridenberg, 3 Clark 199, it was held that the position of the garnishee (attorney at law) was not well taken, and it was decided that unless satisfactory answer was made to the interrogatories, judgment would be entered against the garnishee. In that case Judge Sharswood, after discussing instances of privileged communications between attorney and client, stated: "These are all cases in which the attorney is but a witness; but there is a class which stands upon a higher, and still clearer and more unequivocal ground, where the line is distinctly and broadly marked, and that is, where the attorney is himself a party to the transaction or agreement which he is called upon to disclose. . . . If the privilege were suffered to be applied to such cases, a wide door would be opened for the successful perpetration of fraud and crime. Attorneys would be selected as the agents or trustees wherever a cover of darkness was needed."

It would seem, therefore, under the authorities, that if the garnishee had any money in his hands belonging to his client, it was necessary for him to divulge this fact under the interrogatories propounded to him. However, in this case, the garnishee in his answers to interrogatories six, seven and eight, stated that he was not indebted to the defendant at the time the writ of attachment was served upon him, or at any time since, in any manner whatsoever. This would seem to be a complete answer to those interrogatories, and so far as the other interrogatories are concerned, namely, two, three, four and five, it would seem immaterial whether or not they were fully answered. Those interrogatories are as follows: "2. Have you been retained as attorney by said defendant to effect collection of his accounts receivable? If so, state date on which you were so retained and whether your agreement to represent the defendant in this connection was oral or in writing. If in writing, attach a true and correct copy of the same to your answers. If oral, state fully the terms thereof, especially with reference to your charge or commission for making these collections. 3. Set forth in detail a list of the accounts receivable turned over to you by the defendant for collection, giving names, addresses and amounts. 4. State specifically the collections made by you to date and also remittances to the defendant on the same, giving dates and amounts. 5. Set forth fully names and amounts of accounts receivable which you have collected and in which no remittance has as yet been made to the defendant. What amount of these collections is due you as commission? What amount out of the same is due the defendant?"

Interrogatories numbers two, three, four and five were answered by the garnishee generally as follows: "The garnishee believes that in his capacity as attorney for the defendant, William P. Mulholland, the answers to questions two, three, four and five would reveal confidential communications of his client and that he is not permitted to answer the same. Further answering,

the garnishee says that the defendant, William P. Mulholland, was brought before the court for an oral examination on January 27, 1930, at which time the plaintiff could have obtained any information as to his assets from the defendant."

We do not believe it was imperative on the garnishee to answer the interrogatories contained in numbers two, three, four and five. There is only one part of number five which might be pertinent to the issue, had it not later been answered, and that is, "set forth fully the names and amounts of accounts receivable which you have collected and in which no remittance has as yet been made to defendant, . . . what amount out of the same is due the defendant;" and had not the garnishee fully answered that there was no money in his hands at the time the attachment execution and the interrogatories were served upon him, the court would have directed him to answer that part of this interrogatory. Having covered the same question in his answer to the other interrogatories, we do not deem it necessary to make such an order at this time.

Counsel for the garnishee in his brief has called the attention of the court to a long line of decisions which explains his position that an attorney need not reveal any confidential relations between himself and his client, but none of these cases run counter to the early cases of Riley *v.* Hirst, *supra,* and Jeanes *v.* Fridenberg, *supra.*

After considering fully the interrogatories and answers thereto, and the briefs submitted by counsel to sustain their respective positions, we hold that this rule for judgment against the garnishee must be dismissed.

And now, June 4, 1931, the rule for judgment against the garnishee for want of sufficient answers is discharged.