ANANIAS TRESSLER, Plaintiff Below, Plaintiff in Certiorari, *v.* DUDLEY C. LUNT, Garnishee of Nelson Clough, Defendant Below, Defendant in Certiorari.

(*January* 5, 1932.)

PENNEWILL, C. J., HARRINGTON and RICHARDS, J. J., sitting.

*Howard Duane* for plaintiff.

*Joseph A. L. Errigo* for defendant.

Superior Court for New Castle County, No. 188, September Term, 1931.

RICHARDS, J., delivering the opinion of the Court:

Garnishment is a proceeding by which the plaintiff in an action at law, attempts to subject to the payment of his demand against the defendant, money or property of the defendant in the hands of a third person. It is a warning to the party upon whom it is served not to pay any money or deliver any property to the defendant, that he has

in his possession as the money or property of the defendant, but to appear and answer the plaintiff's action. *National Bank of W. & B. v. Furtick,* 2 *Marv.* (16 *Del.*) 35, 42 *A.* 479, 44 *L. R. A.* 115, 69 *Am. St. Rep.* 99; *Woolley on Del. Practice, Vol.* 2, § 1177.

A lawyer has always been considered an officer of the Court, and, as such, subject to the control of the Court in many instances; and especially when he has in his hands money or property belonging to his client.

■ The weight of authority in this country, however, has long held that he does not hold his client's funds or property as an agent of the law within the rule exempting property in *custodia legis* from garnishment; but that he is the agent of the debtor whose money or property he may have in hand and is liable to garnishment process therefor. *Mann v. Buford,* 3 *Ala.* 312, 37 *Am. Dec.* 691; *Ayer v. Brown,* 77 *Me.* 195; *Riley v. Hirst,* 2 *Pa.* 346; *Carr v. Benedict,* 48 *Ga.* 431; *Crain v. Gould,* 46 *Ill.* 293; *Thayer v. Sherman,* 12 *Mass.* 441.

In *Riley v. Hirst,* above cited, the Court said: "No reason has been suggested why an attorney at law should not be made garnishee in a foreign attachment. Considerations of public policy and convenience require, that money in the hands of public officers appointed by law, such as sheriffs, prothonotaries, and other depositaries, should not be stopped whilst in *custodia legis.* But an attorney at law derives his power entirely from his client, and there seems no more reason for his exemption than that of an attorney in fact or other private agent." The Delaware case of Johns, Garnishee of *Thomas v. Allen,* 5 *Harr.* 419, is cited by the authorities as being opposed to this view. An examination of the case does not clearly disclose just what it stands for, but there is an impression among some members of the bar of this state that it stands for the proposition that money or property cannot be attached in the hands of a lawyer. The headnote to the case reads as follows:

"Money of a client cannot be attached in the hands of his attorney in court." The report of the case states that at the instance and with the consent of Johns, a rule was laid on him to show cause why the sum of $52.70 in his hands as attorney of Thomas, should not be paid over. Johns made affidavit to the effect that the money had been paid to him as attorney for Thomas in a suit. That since it had been paid to him an attachment had been laid in his hands at the suit of *Allen v. Thomas,* requiring him to appear and answer as the garnishee of Thomas.

After setting forth the argument of Thomas F. Bayard, Esq., against the rule, the following statement appears: "The Court, after consideration, but without delivering an opinion, made the rule absolute." The only thing in the report of the case to clearly indicate that it decided that money or property cannot be attached in the hands of an attorney, is the above-mentioned headnote.

In the case of *Plunkett v. Le Huray,* 4 *Harr.* 436, the Court held that a trustee could not be summoned to answer as a garnishee of his *cestui que* trust, but that has no bearing on the case now under consideration.

The case of *Garford Motor Truck Co. v. Buckson,* 4 *W. W. Harr.* (34 *Del.*) 103, 143 *A.* 410, was one in which the Garford Motor Truck Co. attempted to attach money in the hands of David J. Reinhardt, Esq., an attorney at law, which it claimed had been received by him as attorney for Buckson. Mr. Reinhardt filed an answer admitting that he had received the money for Buckson, but stating that prior to the time the attachment was laid in his hands, he had agreed with Buckson and Dr. Cobb to pay said money to Dr. Cobb in settlement of his bill for services rendered by him as a physician for Buckson. The Court held that the agreement entered into amounted to an assignment the effect of which was to make Mr. Reinhardt liable to Dr. Cobb. Therefore, this case is not an authority for the position taken by the plaintiff in this case. We feel that the

position taken by the courts in the states above mentioned is correct, and can see no reason why an attorney should be exempt from attachment process to recover money or property which he has in hand for his client. There are certain well-known duties which every lawyer owes to his client and the courts will exercise control over him in order to insure the performance of those duties.

After those duties have been performed, the relation of a lawyer to his client is that of an agent; when he becomes his debtor, as he necessarily often does, he may be garnished for the same reason that any other person may.

It was further argued in this case that the money in the hands of Lunt represented wages earned by the defendant, Clough, and was, therefore, exempt from attachment under the provisions of *Section* 4331 of the *Revised Code* of 1915. This *Section* provides as follows: "Ninety per centum of the amount of the wages for labor or service of any person residing within New Castle County shall be exempt from mesne attachment process and execution attachment process under the laws of this State, except where the said execution attachment process is for board or lodging or both, as the case may be, and for an amount not exceeding fifty dollars exclusive of costs." It is not claimed that the attachment process served upon Lunt, the garnishee in this case, was to recover an amount due "for board or lodging or both"; therefore, we are not called upon to consider the latter portion of the above-quoted statute.

The fact that this question has been before the courts so few times, as the decisions which we have been able to find indicate, is surprising. In 25 *Corpus Juris*, under the general heading of "Exemptions," found on *page* 70, at *Section* 114, the author states the weight of authority to be that statutes exempting wages protects them not only in the hands of the employer, and while being transmitted from him to the employee, but even after they are in the hands of the employee so long as they are capable of being distinguished.

To support this weight of authority only three cases are cited, namely: *Rutter v. Shumway,* 16 *Colo.* 95, 26 *P.* 321; *Cox v. Bearden,* 84 *Ga.* 304, 10 *S. E.* 627, 628, 20 *Am. St. Rep.* 359; *Elliot v. Hall,* 3 *Idaho* (*Hasb.*) 421, 31 *P.* 796, 18 *L. R. A.* 586, 35 *Am. St. Rep.* 285. In the Georgia case of *Cox v. Bearden* the statute under which the exemption was claimed reads as follows: "All journeymen, mechanics, and day laborers shall be exempt from the process and liabilities of garnishment on their daily, weekly, or monthly wages, whether in the hands of their employers or others." The words "in the hands of their employers or others," as used in the above-quoted statute, certainly give it a much broader meaning than the statute now under consideration, and the case should not be considered as an authority in construing it. The Colorado case of *Rutter v. Shumway* holds that wages continue to be exempt not only after they are paid by the employer to the employee, but even after they have been deposited in bank by the employee. We feel that this extends the exemption too far. In the Idaho case of *Elliot v. Hall,* the statute provided that it must appear "by the debtor's affidavit or otherwise that such earnings are necessary for the use of his family residing in this territory, (state) supported wholly or in part by his labor." We can understand why a statute with a requirement of this nature in order to obtain an exemption, should be given a broader interpretation. Against this so-called weight of authority there is a line of Massachusetts cases, including the case of *Cook v. Holbrook,* 6 *Allen* 572, and the Connecticut case of *Hewitt v. McNerney,* 73 *Conn.* 565, 48 *A.* 424.

These cases take the position that when an employer pays wages due an employee to an attorney at law, constable, or other person who receives said wages for the employee, the provisions of a statute exempting wages for the labor or services of any person from attachment process, have no further application thereto.

That the payment by the employer to some one else, who was acting for or on behalf of the employee, operated as an extinguishment of the debt for personal labor and the employer was fully discharged from his indebtedness. The facts of the case of *Cook v. Holbrook* are almost identical with the facts of the case now before us. The court held that the money at once vested absolutely in the attorney receiving the same. A new debt to Holbrook was created and the attorney was under a liability to account to him. Where there is a statute exempting wages for personal service from execution and attachment process, we agree with those cases which hold that the wages are exempt as long as they can be distinguished as wages; but we do not agree that they can be so distinguished after they have been paid by the employer to the employee or to some one representing or acting for the employee.

After the wages due an employee have been paid by the employer to said employee, or his representative, the debt owing to him by the employer for wages no longer exists; the wages are due to the employee no longer and the employer can never be required to pay them again.

It is going too far to say that wages can be distinguished after they have been paid to the employee, or even after they have been deposited in bank, as some of the decisions seem to hold. In order to do this it would be necessary for one to whom money was paid as wages to keep it separate and apart from any other money that he might have; or for the bank to keep the particular money deposited by the employee separate and apart from other deposits or any other money that it might have on hand.

The money collected by Lunt, as attorney for Clough, could no longer be distinguished as wages, and Lunt was liable therefor to the plaintiff in garnishee process. The judgment below against Ananias Tressler, plaintiff below, plaintiff *in certiorari,* and in favor of Dudley C. Lunt, garnishee of Nelson Clough, defendant below, defendant *in certiorari,* is, therefore, reversed.