# Fried & Gerber, Inc. v. American Bleacher Corporation

*Alan D. Williams, Jr.*, for plaintiff.

*William B. Moyer*, for defendant.

*A. M. Eastburn, Jr.*, for garnishees.

BECKERT, J., May 14, 1965.—On October 2, 1964, American Bleacher Corporation (American) issued a writ of replevin against Fried & Gerber, Inc. (Fried) to recover certain grandstands, the value thereof being set at $20,000 by American. American delivered to the Prothonotary of Bucks County, its corporate bond of $40,000 and, pursuant to the authority contained in the Act of April 22, 1909, P. L. 115, sec. 1, 12 PS §561, deposited $40,000 in current funds with the prothonotary to secure the bond. The $40,000 was then deposited in the prothonotary's account at the Doylestown National Bank and Trust Company in accordance with the Act of April 22, 1909, P. L. 115, sec. 2, 12 PS §562. Within the allotted time a satisfactory counterbond was filed by Fried.

On October 5, 1964, Fried commenced the present action by issuing a writ of foreign attachment directing the sheriff to attach the said $40,000 in the possession of the prothonotary and bank. Subsequently, a complaint was filed and preliminary objections were filed on behalf of American. The bank and the prothonotary, pursuant to Pennsylvania Rules of Civil Procedure 1266(a) and 1268(b) filed their respective reports, and the two garnishees filed preliminary objections similar to American's raising the defense that said funds were immune from attachment.

The narrow question now before us for consideration is whether there existed a res to attach at the time the writ was served on garnishees. If a res did not exist, the attachment is fruitless and a nullity: Best TV, Inc. v. Simberg, 413 Pa. 101, 103, and cases cited therein.

Garnishees and American contend that no res existed as the funds attached were held in custodia legis and as such were not subject to the writ. The term "custodia legis" has been subject to various definitions, but the meaning generally ascribed to that term is that the property, the fund or money in this case, is in the custody or keeping of the law and there exists an actual domination over that fund by the court. See 10 Words and Phrases Perm., Custodia Legis, p. 714.

The Pennsylvania Rules of Civil Procedure permit plaintiff to commence an action in replevin with or without bond. American chose the former and, in securing the bond, posted currency as allowed by the Act of April 22, 1909, supra. The prothonotary, an arm of the court, deposited the funds in the bank as he was required to do by the Act of April 22, 1909, supra. At this stage in the proceedings there is no doubt that the funds were held in custodia legis, for, if Fried successfully defended the replevin action, it would obtain a judgment for the "money value of the property" (Pa.

R. C. P. 1085 (b) (2)) since it would not be in possession of the bleachers, the subject of the replevin, and it would be entitled to have the judgment satisfied by recovery upon the bond: Pa. R. C. P. 1086, 3170 (b).

The obvious question then presented is whether the status of custodia legis disappeared when Fried filed the counterbond. We think not. Although by the filing of the counterbond Fried retained possession of the bleachers, if it successfully defended the replevin suit, it would have the additional remedy of proceeding under Pa. R. C. P. 1086, 3170 (b), to recover on the bond for its judgment for money damages and costs. As was stated in 1 Goodrich-Am. §1086 (a)-1, commentary to rule, at page 100:

". . . In other words, the plaintiff's bond is not cancelled by the filing of the counterbond; it remains in effect, but the liability is reduced to damages and costs; there can be no liability for the 'value' of the goods because the plaintiff does not have the possession.

"The imposition of this liability upon the plaintiff and his surety is proper. The plaintiff has initiated an action which had no merit, and which he lost. By filing a bond, he has required the defendant, who at all times was entitled to the possession of the goods, to undertake the expense of a bond to protect that possession, and to undertake the expenses of defending against a worthless claim of the plaintiff. Certainly, no reason exists to exonerate the plaintiff and his surety from liability for any money damages and costs simply because the defendant files a counterbond to protect his right to possession."

We, therefore, conclude that the filing of the counterbond did not strip the object attached of its status of being held in custodia legis. The filing of the counterbond gave plaintiff no right to demand of the prothonotary or the bank the return of the fund to it. In addition to American's lack of control and dominion of

the fund, garnishees were bound to hold the fund in accordance with the conditions of the bond and in accordance with the applicable rules of civil procedure hereinbefore cited. See also Benedict & Eberle Co. v. Hollman, 68 Pa. Superior Ct. 155, 159, 160.

It is firmly established and well-settled law in this Commonwealth that property in the custody of the law is not subject to attachment: 10 Standard Pa. Practice, Attachment, §86, 131; 6 Am. Jur. 2d, Attachment and Garnishment, §196, 702. See also Riley v. Hirst, 2 Pa. 346, 347; Bulkley v. Eckert, 3 Pa. 368, 369. The instant case, we believe, is distinguishable from the holding of Weicht v. Automobile Banking Corp., 354 Pa. 433. In the Weicht case, the object sought to be attached, an automobile, was in the hands of the sheriff for delivery to defendant, whose absolute right to the automobile was, at the time of the foreign attachment proceeding, "fixed and definite". Such was not the case in the instant proceedings.

Plaintiff's brief cites no authority for its position. In fact, the brief tacitly admits that the funds attached fall within the realm of custodia legis. Fried's only argument contests the right of American to raise this question and contends "The only party who has standing is the Prothonotary" (page 2, defendant's brief). It is true that neither of the garnishees presented briefs, or engaged in oral argument on this matter, but both the prothonotary and bank, as previously noted, filed preliminary objections. We do not believe the lack of briefs or arguments by garnishees to be fatal. We state that American had the right to raise this question alone and as it has done so, and as we find that their position has merit, we, therefore, enter the following

ORDER

And now, May 14, 1965, the preliminary objections filed on behalf of defendant, American Bleacher Cor-

poration, and garnishees, LeRoy Evans, Prothonotary of Bucks County, and the Doylestown National Bank and Trust Company, are each affirmed and sustained, the service of the writ of foreign attachment is set aside and the writ of foreign attachment is hereby quashed.