**K–M AUTO SUPPLY, INC., a Pennsylvania corporation, Plaintiff Below, Appellant,**

**v.**

**Frank RENO, Defendant Below, Appellee.**

Supreme Court of Delaware.

Dec. 4, 1967.

Howard M. Berg, Wilmington, for plaintiff.

Frederick Knecht, Jr., Wilmington, for defendant.

WOLCOTT, C. J., and CAREY and HERRMANN, JJ., sitting.

WOLCOTT, Chief Justice.

This is an appeal from a Superior Court order vacating an attachment *fi. fa.* under which a member of the Bar was garnished for a sum of money placed in his hands by the defendant Reno, the judgment debtor of the plaintiff.

Reno had contracted with Tropical Pools, Inc., for the construction of a swimming pool. When allegedly completed, a dispute and litigation arose between Reno and Tropical Pools over the workmanship. The details of this dispute are immaterial in the cause before us. In any event, an agreement was entered into between Reno and Tropical Pools in settlement of this dispute. This agreement was found by the court below to be informal but *bona fide*.

Under the agreement Reno deposited with his attorney, the garnishee at bar, the sum of $1,000 to be paid over to the attorney of Tropical Pools upon completion of the pool in a specified manner, which involved basically the correction of certain complained-of faulty workmanship. The conditions under which the money was to be turned over to Tropical Pools had not been met at the time of the garnishment. It is this $1,000 which plaintiff at bar seeks to attach.

It is settled in this State that moneys in the hands of an attorney belonging to his client may be attached by the client's creditor. An attorney acting in this capacity is only an agent and his client's funds in his hands as agent are subject to garnishment according to the usual laws of agency. Garford Motor Truck Co. v. Buckson, 4 W.

W.Harr. 103, 143 A. 410; Tressler v. Lunt, 5 W.W.Harr. 78, 158 A. 709.

In the *Tressler* case, Johns, Garnishee of Thomas v. Allen, 5 Har. 419, is referred to and not followed on the ground that it was impossible to determine what it held despite the headnote to the report to the effect that money in the hands of an attorney may not be attached. We think, however, that since a rule was laid on the attorney to show cause why his client's money in his hands should not be attached and, without opinion, was made absolute, that the attachment was probably allowed. If that is the fact, then the headnote is wrong. In any event, if the *Thomas* case in fact is authority contrary to the right to attach, we overrule it.

While a creditor has the right to attach his debtor's money in the hands of an attorney, that is not an unqualified right. If a client places money in the hands of his attorney to be turned over by him to a third person, and that third person acquires an interest in the money, it is no longer money of the client subject to attachment. Garford Motor Truck Co. v. Buckson, supra; 6 Am. Jur.2d, Attachment and Garnishment, § 73.

The money involved here was deposited with the attorney to be turned over by him to a third party only when that party had fulfilled the conditions of successful completion of the swimming pool. It was, therefore, a conditional deposit but that, we think, makes no difference. This is so since such a deposit is "in escrow" and upon fulfillment of the condition, the third party has a legal right to receive the money. He thus acquires an interest in it at the time of deposit. 1A Corbin on Contracts, § 247. The test of the right to garnish is whether or not the garnishee has funds in his hands belonging to the debtor for which the debtor could bring suit. II Woolley, Delaware Practice, § 1179.

The record before us shows nothing concerning the fulfillment or nonfulfillment of the condition of deposit. This being so, we must accept the continued validity of the condition of deposit with the consequence that Reno has no right to sue his attorney to get the money back. It therefore follows that Reno has no attachable interest in the fund under Delaware law.

If at some time in the future the conditions in fact become impossible of fulfillment, the situation would change and the money would become attachable, for the third party would thereby lose his interest in the money and the depositor would have the right to sue to recover it. Corbin on Contracts, supra. However, that factual situation is not before us.

The judgment below is affirmed.